DANIEL J. KAISER [DK-9387]
WILLIAM H. KAISER [WK-7106]
KAISER SAURBORN & MAIR, P.C.
ATTORNEYS FOR DEFENDANT
30 BROAD STREET, 37TH FLOOR
NEW YORK, NEW YORK 10004
(212) 338-9100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KROLL LLC,                                      Case No.: 1:24-cv-01977

        Plaintiff,
                                                          ANSWER

   -against -

ANNA POVINELLI,

        Defendant.
----------------------------------------------------------x

        Defendant, Anna Povinelli, by her attorneys, Kaiser Saurborn & Mair, P.C., as and for her Answer to Plaintiff's Complaint in this action, responds as follows:

        1.     Denies information or knowledge supporting the assertion that Kroll genuinely brought this action to "protect and recover trade secrets and its confidential and proprietary information." In fact, Plaintiff has brought this action in retaliation for defendant engaging in statutorily protected conduct. Defendant admits that Plaintiff seeks monetary damages in its complaint and denies Plaintiff has suffered damages. Defendant denies any misappropriation.

        2.     Admit in part but denies the characterization of Plaintiff's services as "salient" to the current matter.

        3.     Admit in part that Plaintiff seeks injunctive relief in its complaint. As to the remainder of the paragraph, denied.

        4.     Admit that Plaintiff seeks monetary damages. As to the remainder of the

paragraph, denied.

5. Denied.

6. Denies information or knowledge to assess the accuracy of this paragraph, however Plaintiff admits that Defendant has an office located at 55 East 52nd Street, Floor 17, New York, NY 10055.

7. Admit to living in Old Greenwich and the approximate dates of her employment with Plaintiff as stated in this paragraph. Defendant denies that Plaintiff terminated her for misconduct.

8. Admit.

9. Admit.

10. Admit.

11. Admit in part that this Court has personal jurisdiction over the defendant. The remainder of the paragraph is denied.

12. Denies information or knowledge sufficient to assess the characterization and representations in this paragraph.

13. Denies information or knowledge sufficient to assess the characterizations and representations in this paragraph.

14. Denies information or knowledge sufficient to assess the characterizations and representations in this paragraph.

15. Denies information or knowledge sufficient to assess the characterizations and representations in this paragraph.

16. Denies information or knowledge sufficient to assess the characterizations and representations in this paragraph.

17. Denies information or knowledge sufficient to assess the characterizations and representations in this paragraph.

18. Denies information or knowledge sufficient to assess the characterizations and representations in this paragraph.

19. Denies information or knowledge sufficient to assess the characterizations and representations in this paragraph.

20. Denies information or knowledge sufficient to assess the characterizations and representations in this paragraph.

21. Admit.

22. Denies information or knowledge sufficient to assess the characterizations and representations in this paragraph.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Defendant repeats, realleges and incorporates by reference the prior responses to the allegations in the Complaint as if fully set forth herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Defendant repeats, realleges and incorporates by reference the prior responses to the allegations in the Complaint as if fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Defendant repeats, realleges and incorporates by reference the prior responses to the allegations in the Complaint as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim, in whole or in part, upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by judicial immunity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint is barred or diminished by the applicable statutes of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any documents or information preserved and retained by the defendant was done to

protect defendant from illegal discrimination and retaliation by Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred and/or diminished, in whole or in part, by Defendant's failure to properly mitigate its alleged damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to plead its claims with the requisite specificity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and barred by its own conduct from recovering any relief.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of waiver, laches, unclean hands and equitable estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendant denies all other allegations of the Complaint not specifically admitted or otherwise responded to in this Answer.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to amend her Answer to assert additional affirmative defenses as revealed or suggested by the completion of Defendant's on-going investigation and discovery.

**WHEREFOR**E, the defendant, Anna Povinelli, demands judgment in her favor dismissing the Complaint in its entirety, with prejudice, and awarding her any costs and disbursements, including reasonable attorney's fees, incurred in defending this action. Defendant further requests that the Court grant it such other and further relief as may be just and proper.

Dated: New York, New York
       May 9, 2024

                                              **KAISER SAURBORN & MAIR, P.C.**
                                              Attorneys for Defendant

By: _____
       Daniel J. Kaiser [DK-9387]
       William H. Kaiser [WK-7106]

       30 Broad Street, 37th Floor
       New York, New York 10005
       (212) 338-9100