UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
KROLL LLC,

                Case No.: 24 CV 01977

        Plaintiff,

  -against-

ANNA POVINELLI,

        Defendant.
-----------------------------------------------------X


# DEFENDANT ANNA POVINELLI'S
# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
# MOTION FOR SUMMARY JUDGMENT


                KAISER SAURBORN & MAIR, P.C.
                30 Broad Street, 37th Floor
                New York, New York 10004
                (212) 338-9100
                Attorneys for Defendant

Of counsel:
Daniel J. Kaiser
William H. Kaiser

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ...............................................................................................1

RELEVANT FACTUAL BACKGROUND ..............................................................................4

ARGUMENT .............................................................................................................................5

    I.    GENUINE ISSUES OF MATERIAL FACT EXIST CONCERNING WHETHER DEFENDANT HAS DEMONSTRATED A VIOLATION OF DTSA ...............................................5

    II.    THE EVIDENCE IS OVERWHELMING THAT KROLL FILED THIS LAWSUIT AGAINST MS. POVINELLI IN RETALIATION FOR HER DISCRIMINATION COMPLAINTS ....................6

    III.    KROLL HAS OFFERED NO EVIDENCE OF ANY DAMAGES IT SUFFERED ...............................................................7

    IV.    AT LEAST THREE CATEGORIES OF THE AT ISSUE DOCUMENTS ARE PUBLIC ...................................................8

    V.    SINCE THE LAWSUIT WAS FILED WITH A BLATANT RELATIATORY MOTIVE AND IS BASELESS KROLL'S DTSA CLAIM KROLL'S SUMMARY JUDGMENT MOTION SHOULD BE DENIED ...................................................8

    VI.    KROLL IS NOT ENTITLED TO PUNITIVE DAMAGES ............................9

CONCLUSION ........................................................................................................................10

# **TABLE OF AUTHORITIES**

PAGE

Cases

*AA Medical, P.C. v. Almansoori*, 2023 WL 7688688 (EDNY 2023)............................................8

*Flores v. Mamma Lombardis*, 924 F.Supp.2d 274 (EDNY 2913) ...............................................8

*Power v. De Lara*, 2020 WL 4582675 (S.D.Ca. 2020)..............................................................6, 7

*Reyes v. City of NY*, 2025 WL 388524 (SDNY 2025) .................................................................8

*Robillard v. Opal Labs, Inc.*, 428 F.Sipp.3d 412 (D.Or. 2019)...............................................5, 6, 8

*Valvetech v. Aerojet Rocketdyne, Inc.*, 2022 WL 4562352 (WDNY 2022) ..................................7

Statutes

*18 U.S.C. 1836 (b)(3)(C)* .........................................................................................................9, 10

## PRELIMINARY STATEMENT

Defendant, Ana Povinelli, was employed by Kroll for nine years always receiving stellar performance reviews when she received by email a pornographic video of a Kroll Managing Director posing entirely nude. Ms. Povinelli, upset and deeply offended, objected to Kroll management concerning the video. In turn, Kroll commenced a campaign of retaliation against Ms. Povinelli, including her ultimate termination, months after her initial internal complaint and days following her counsel's communication to Kroll detailing the discrimination. Within one week of Ms. Povinelli's counsel's letter, this this bad faith lawsuit was filed.

This pending lawsuit is blatant retaliation against Ms. Povinelli for her harassment complaint. Ms. Povinelli first complained of discrimination on November 29, 2023 and several more times in December. In early 2024 Kroll suddenly launched an investigation into Ms. Povinelli. On February 5, 2024 she was placed, by Kroll, on administrative leave. On March 12, 2024 Ms. Povinelli's counsel sent a letter detailing her discrimination and retaliation legal claims along with a draft court complaint. On March 14, 2024 she was summarily terminated. On March 18, 2024 Kroll filed this lawsuit.

While Ms. Povinelli did send documents to her email account to facilitate her work for Kroll, it was necessary due to technical issue Kroll was experiencing and access to the documents was necessary to perform her work. Also, sending documents to personal emails so that work could be accomplished was a widespread practice at Kroll and, as far as Ms. Povinelli knows, it never resulted in a Federal lawsuit or even discipline.

Kroll's running to court before Ms. Povinelli actually filed her explicitly threatened legal claims to seek judicial relief for the at-issue conduct was blatantly retaliatory. Ms. Povinelli's

"offenses" were minor and resulted in zero harm to Kroll. She did not distribute the documents or utilize them in any manner or respect to compete against Kroll. Yet, Kroll sought Federal judicial intervention anyway.

Every day across corporate America employees are cautioned, and sometimes disciplined, for mishandling internal email systems. In very few instances, do employers run to court to punish "misbehaving" employees, unless necessary to avoid harm or seek compensation for real harm, which suggests here a separate motivation. Rather than deal with Ms. Povinelli's discrimination complaint with compassion and understanding, Kroll decided to raise the stakes for her as a means of punishment and deterrence. Indeed, Kroll's own offered evidence gives examples of *former* employees who were provided "cease and desist" letters for mishandling confidential information. By contrast, these former employees were not dragged into federal court and apparently were not subject to any punishment while they remained Kroll employees.

Here, Ms. Povinelli was summarily fired without any warning, including zero progressive discipline, concerning her alleged malfeasance and then Kroll quickly filed this action before she could even react to Kroll's accusation all of which occurred in the context of Ms. Povinelli's discrimination complaint. Ms. Povinelli was terminated within days of Kroll's receipt of her counsel's letter detailing the discrimination.

Bottom line, Ms. Povinelli was a highly respected manager who was highly regarded until she objected to the pornographic video. Ultimately, Kroll purposefully weaponized the DTSA to punish her.

Since Ms. Povinelli never shared any Kroll documents with anyone, returned all of Kroll's documents to them and was undoubtedly singled out for this harsh treatment, Kroll's summary judgment motion should be denied since its claims cannot be resolved in a vacuum.

The court must consider whether Kroll, in bad faith, seeks to punish Ms. Povinelli for her asserted discrimination and retaliation claims rather in good faith seeking needed protection from the Court.

All the Kroll information was returned and destroyed by Ms. Povinelli all of which could have been accomplished without this federal action. I doubt that Kroll can provide any example of a present Kroll employee being summarily terminated for any similar "offense" much less subject to a punishing retaliatory lawsuit.

Separately, Kroll's contention that Ms. Povinelli did not cooperate with the return of these documents is not accurate. First, Kroll suddenly launched an "investigation" into Ms. Povinelli *only* following her discrimination complaint which itself targeted her for differential treatment. At that point, Ms. Povinelli was represented by prior counsel and attorneys were coordinating the manner of the documents return as well as discussing the unlawful treatment of Ms. Povinelli.

A significant legal dispute existed between the parties which both sides were, presumably, attempting to work out. Ultimately, a stipulation was entered into that required Ms. Povinelli to return/destroy Kroll documents which she did. While her attorneys believed they were entitled to keep on their highly secure server a set of the documents since Kroll insisted on maintaining the lawsuit despite Ms. Povinelli returning the documents, when the District Court ordered their deletion her attorneys immediately complied. There was never any bad faith and Kroll's documents were always protected from disclosure. Indeed, the only way Kroll learned that Ms. Povinelli's counsel retained a copy of the returned documents is that her counsel acknowledged it.

Notably, Kroll does not even contend that it suffered any damages of any kind because it

did not.  Undeniably, Ms. Povinelli did not distribute or use any Kroll material.  Indeed, Kroll benefited from her conduct in so far as she completed Kroll work that would have been delayed.

Since damages are a necessary element of a DTSA claim, plaintiff has offered no evidence of any damages, Kroll's summary judgment motion should be denied.

## **RELEVANT FACTUAL BACKGROUND**

See Anna Povinelli's Declaration. The following are the principle operative facts:

1. Ms. Povinelli was a high performer whose work product was superb and highly regarded. [Anna Povinelli Declaration["Povinelli Decl. at ¶¶ 2 and 48]

2. On November 27, 2023 she received by text a pornographic video from a Kroll Managing Director. [Id. at ¶ 5]

3. Ms. Povinelli, horrified and offended by the video, immediately objected to her managers and Kroll HR. [Id. at ¶¶ 10-21]

4. Ms. Povinelli was subjected to near immediate retaliation by Kroll management. [Id. at ¶¶ 23-36]

5. On February 5, 2024 Mr. Povinelli was placed on administrative leave. [Id. at ¶ 26]

6. On March 12, 2024 Ms. Povinelli's counsel sent a letter with draft court complaint to Kroll advising Kroll of Ms. Povinelli's legal claims. [Id. at ¶ 27]

7. On March 14, 2024 Ms. Povinelli was summarily terminated. [Id. at ¶ 28]

8. On March 18, 2024 Kroll filed the present action. [Id. at ¶ 35]

9. On March 19, 2024 Ms. Povinelli filed her lawsuit as she forewarned Kroll that she would do on March 12, 2024. [Id. at ¶ 27]

4

10. Ms. Povinelli received no warnings of any kind that Kroll determined that she was in violation of Kroll's email policies and was afforded no progressive discipline. [Id. at ¶ 48]

11. At least three of the categories of documents relied upon by Kroll for its summary judgment motion are public documents. [Id. at ¶ 43]

12. All of the documents were forwarded by Ms. Povinelli to her personal email in order to manage repeated IT difficulties experienced by Kroll's email system. [Id. at ¶¶ 37-42]

13. The only purpose of forwarding the documents by Ms. Povinelli was to accomplish Kroll work tasks while employed by Kroll. [Id.]

14. Ms. Povinelli at no time shared with any third party, other than counsel, any Kroll documents and Ms. Povinelli never used the documents for any purpose other than Accomplishing Kroll business. [Id. at ¶ 47]

15. There is no evidence that Kroll ever disciplined, much less fired, an employee for a similar offense. Certainly, Kroll never initiated a federal lawsuit against an employee for sending Kroll documents to a personal email account. [Id. at ¶ 46]

16. Kroll suffered no damages from an of Ms. Povinelli's alleged conduct. [Id. at ¶ 47]

**ARGUMENT**

**I.**

**GENUINE ISSUES OF MATERIAL FACT EXIST
CONCERNING WHETHER DEFENDANT HAS
DEMONSTRATED A VIOLATION OF DTSA**

Since substantial record evidence exists that Kroll commenced these proceedings in direct reaction to Ms. Povinelli's discrimination complaints and threatened litigation, Kroll, having weaponized the DTSA to punish Ms. Povinelli, by its bad faith utilization of the court system, has forfeited the right to any remedies available under same. *See, Robillard v. Opal Labs, Inc.*, 428 F.Sipp.3d 412 (D.Or. 2019) (court held that a lawsuit filed in retaliation for objecting to unlawful conduct constitutes illegal retaliation).

Separately, since: 1) Ms. Povinelli only forwarded Kroll documents to her personal email to perform work for Kroll when Kroll's own email system was proving unreliable and; 2) Kroll did not similarly punish other Kroll employees, and certainly never commenced such a lawsuit against other Kroll employees, this lawsuit should be dismissed as retaliatory and filed in bad faith. *Id.*

Separately, since damages are a necessary element of a DTSA legal claim and Kroll has failed to offer any evidence that it was damaged, Kroll has failed to offer evidence of all elements of its asserted claim.  *See, Power v. De Lara*, 2020 WL 4582675 (S.D.Ca. 2020) (court held that damages are a necessary element of a DTSA legal claim).

## II.

### THE EVIDENCE IS OVERWHELMING THAT KROLL FILED THIS LAWSUIT AGAINST MS. POVINELLI IN RETALIATION FOR HER DISCRIMINATION COMPLAINTS

Since Kroll filed this lawsuit to punish Ms. Povinelli for her discrimination complaints, the commencement of this lawsuit is a separate act of actionable retaliation. *Robbillard, Supra*.

Here, Kroll would not have initiated these claims but for Ms. Povinelli's discrimination complaints. She was summarily terminated within days of her counsel's letter concerning the discrimination she experienced and Kroll filed the instant action within one week of Ms. Povinelli's counsel's letter. [Povinelli Decl. at ¶¶ 27-35]

There was no real effort on Kroll's part to resolve any confidentiality concerns prior to commencing this action, including no warnings to Ms. Povinelli and no progressive discipline. [Id. at ¶¶ 34, 47] Instead, Kroll believed it had its pretext to punish Ms. Povinelli and it did.

Any real efforts to resolve Kroll's "concerns" only came following the filing of their pleading and did result in a stipulation to return/destroy all Kroll documents in Ms. Povinelli's possession.

Even though all documents were returned/destroyed [Ms. Povinelli's counsel did retain copies since the lawsuit remained pending but when the court ordered these documents deleted from KSM's servers we did so immediately] Kroll pressed forward with their lawsuit underscoring Kroll's true motivation.

## III.

### KROLL HAS OFFERED NO EVIDENCE OF ANY DAMAGES IT SUFFERED

Remarkably, Kroll offers no evidence that it has been in any manner damaged by Ms. Povinelli conduct and does not even argue that, in fact, it has been damaged.

7

Ms. Povinelli shared, other than with her counsel, no Kroll material of any kind with any third party. Kroll does not contend it has been damaged because there is no way it can factually maintain such a claim.

Since damages are a necessary element of a DTSA claim, Kroll cannot prove its DTSA claim. *Power Intergrations, Inc. v. De Lara,* 2020 WL 4582675 (SDCA 2020) (court held damages are a necessary element of DTSA claim); *Valvetech v. Aerojet Rocketdyne, Inc.*, 2022 WL 4562352 (WDNY 2022) (court held that since Plaintiff offered some theory of damages summary judgment for defendant was denied)

Unlike the *Valvetech* plaintiff, Kroll has offered no theory of damages of any kind.

**IV.**

**AT LEAST THREE CATEGORIES OF THE AT ISSUE DOCUMENTS ARE PUBLIC**

Many of the trade secret documents identified by Kroll do not contain proprietary information as all the information contained within is publicly available. [Povinelli Decl. at ¶ 43]*; See, AA Medical, P.C. v. Almansoori*, 2023 WL 7688688 (EDNY 2023) (court held that since plaintiff did not offer proof that documents were actually proprietary DTSA claim dismissed).

As Ms. Povinelli notes at least three of the categories of documents are not confidential because they are available to the public. [Id. at par. 43]

As such, a DTSA claim cannot be maintained as to at least three categories of Kroll's identified documents.

V.

**<u>SINCE THE LAWSUIT WAS FILED WITH A BLATANT RELATIATORY MOTIVE AND IS BASELESS KROLL'S DTSA CLAIM KROLL'S SUMMARY JUDGMENT MOTION SHOULD BE DENIED</u>**

Since Kroll's lawsuit is legally baseless and filed with a retaliatory motive, its motion for summary judgment should be denied. *Robillard, Supra* (court held that baseless lawsuits filed with a retaliatory motive may constitute under the law adverse retaliatory conduct); *Flores v. Mamma Lombardis*, 924 F.Supp.2d 274 (EDNY 2913) (court held filing of a baseless lawsuit could support a retaliation claim)

This lawsuit was filed within one week of Kroll's receipt of Ms. Povinelli's demand letter setting forth her discrimination and retaliation claims which attached a draft complaint to be filed in court. [Id. at ¶ 35]; *See, Reyes v. City of NY*, 2025 WL 388524 (SDNY 2025) (court held close proximity between protected conduct and adverse employment action proof of retaliatory intent).

Kroll's bad faith is further highlighted by its insistence on continuing this lawsuit following receipt of a court ordered stipulation requiring the return and deletion of its material. Kroll suffered no damages and yet it pressed ahead with these proceedings.

Ms. Povinelli did not utilize Kroll's documents for any purpose and shared them with no one. Kroll understands this but does not care because the business purpose of the instant action is not to secure needed judicial relief but rather to punish Ms. Povinelli for speaking up about the unlawful treatment she experienced at Kroll.

The courts have an intrinsic right and responsibility to protect the judicial system from untoward abuse and filing a lawsuit in reaction to a discrimination complaint for conduct that Kroll itself has never terminated a current employee for, much less commence a Federal action against, is definitionally abusive.

9

Since Kroll cannot prove a dollar of damages, these proceedings are baseless which supports a finding that it was filed in retaliation.

## VI.

## **KROLL IS NOT ENTITLED TO PUNITIVE DAMAGES**

Kroll is not entitled to punitive damages by the plain language of the statute:

> (C) if the trade secret is willfully and maliciously misappropriated, award exemplary damages in an amount not more than 2 times the amount of the damages awarded under subparagraph (B)

*18 U.S.C. 1836 (b)(3) (C).*

Under no circumstances can it be determined that Ms. Povinelli acted maliciously. She did not use the material, nor is there a shred of evidence she ever intended to misuse Kroll information. [Id. at ¶ 47]

Rather, it is clear she only sent the material to her email to facilitate her work for Kroll. [Id. at ¶¶ 37-42]

Separately, punitive damages are calculated under the statute by doubling actual damages. Here, there are no actual damages and so punitive damages may not be calculated. *18 U.S.C. 1836 (b)(3) (C).*

**CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that Plaintiff's motion for summary judgment be denied in its entirety.

Dated: New York, New York
February 10, 2025

                                            **KAISER SAURBORN & MAIR, P.C.**

By: _____
      Daniel J. Kaiser, Esq.
      William H. Kaiser, Esq.

Attorney for Defendant Anna Povinelli
30 Broad Street, 37th Fl.
New York, New York 10004
(212) 338-9100

11